This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Marlon B. Taylor has appealed the decision of the Summit County Court of Common Pleas that designated him a sexual predator under R.C. 2950.09. This Court affirms.
 I
{¶ 2} On May 26, 2000, Appellant was indicted by the Summit County Grand Jury on two counts of rape in violation of R.C. 2907.02(A)(2), and one count of aggravated burglary in violation of R.C. 2911.11(A)(1). After a bench trial, the trial court found Appellant guilty of all charges contained in the indictment. At the sentencing hearing, Mr. Taylor was sentenced to a term of seven years for the one count of aggravated burglary and for a definite term of seven years for each count of rape, all terms to be served consecutively. Immediately following the sentencing hearing, the trial court held a sexual offender classification hearing. Appellant's counsel failed to object to the lack of notice for the hearing. When the hearing concluded, the trial court adjudged Appellant a sexual predator.
{¶ 3} Appellant appealed the trial court's decision, asserting three assignments of error. This Court overruled Appellant's first and third assignments of error, but sustained his second assignment of error. See State v. Taylor (Sept. 19, 2001), 9th Dist. No. 20433. Appellant's second assignment of error stated "the trial court committed error in its failure to give notice of the date, time, and location of the sexual offender classification hearing and in its failure to consider factors under R.C. 2509.09." Id. at 11. This Court held that pursuant to R.C. 2950.09(B)(1)[1] Appellant was entitled to notice of his sexual offender classification hearing. Id. Upon sustaining his second assignment of error, this Court affirmed the judgment of the trial court in part, reversed in part, and remanded the cause for further proceedings to the Summit County Court of Common Pleas.
{¶ 4} On remand, and after proper notice was given to Appellant, the trial court conducted another sexual offender classification hearing. After the hearing, the trial court again adjudicated Appellant a sexual predator. Appellant has timely appealed the adjudication, asserting two assignments of error
 II Assignment of Error Number One {¶ 5} "THE STATE DID NOT PRODUCE EVIDENCE TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT [APPELLANT] IS A SEXUAL PREDATOR."
 Assignment of Error Number Two {¶ 6} "THE TRIAL COURT ERRED WHEN IT FOUND [APPELLANT] TO BE A SEXUAL PREDATOR AS THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 7} In his two assignments of error, Appellant has argued that the evidence presented during the hearing was insufficient to show by a clear and convincing standard that he is a sexual predator and the classification was against the manifest weight of the evidence.
{¶ 8} R.C. 2950.01 et seq. governs the classification of a defendant as a sexual predator. In order to be classified a sexual predator (1) a person must be convicted of a sexually oriented offense and (2) the state must prove by clear and convincing evidence that the defendant is likely to be a repeat sexual offender. R.C. 2950.01(E)(1). Appellant does not contend that he was not convicted of a sexually oriented offense. Therefore, the only issue to be resolved by this Court is whether the state failed to prove by clear and convincing evidence that Appellant is likely to commit another sexually oriented offense.
{¶ 9} In reviewing the trial court's decision, this Court must review the entire record and determine "whether the evidence presented at the hearing, if believed, was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator." State v. Royston (Dec. 15, 1999), 9th Dist. No. 19182, at 20, appeal not allowed (2000), 88 Ohio St.3d 1481. "[T]he clear-and-convincing evidence standard require[s] the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense[.]"State v. Williams (2000), 88 Ohio St.3d 513, 533, quoting State v. Ward
(1999), 130 Ohio App.3d 551, 569. The clear and convincing standard "is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger
(2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477.
{¶ 10} "This court applies the same standard in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction." State v. Linden
(Feb. 2, 2000), 9th Dist. No. 2984-M, at 3. Therefore, this Court must:
{¶ 11} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [adjudication] must be reversed[.]" State v. Otten
(1986), 33 Ohio App.3d 339, 340.
{¶ 12} Appellant has contended that his designation as a sexual predator is against the manifest weight of the evidence because Appellant has never been convicted of another sexually oriented offense and the evidence presented to the trial court only "involved a limited statement of a detective and a parole officer into the record." This Court disagrees.
{¶ 13} In determining whether an offender is likely to commit another sexually oriented offense, i.e., is a sexual predator, R.C.2950.09(B)(3) requires the trial court to consider all relevant factors including, but not limited to:
{¶ 14} "(a) The offender * * * age;
 {¶ 15} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
 {¶ 17} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 18} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender[;]
 {¶ 21} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
{¶ 24} As an initial matter, this Court rejects Appellant's contention that a single sexually oriented offense cannot support a sexual predator classification. This Court has previously upheld sexual predator adjudications premised on a single sexually oriented offense. See, e.g., State v. Shepherd, 9th Dist. No. 20364, 2002-Ohio-455, appeal not allowed (2002), 95 Ohio St.3d 1486; State v. Malin (Dec. 30, 1998), 9th Dist. No. 97CA006898; State v. Simmons, 9th Dist. No. 20645, 2002-Ohio-456; State v. Charlton (Mar. 21, 2001), 9th Dist. No. 20181. Furthermore, Appellant's reliance on State v. Eppinger (2001),91 Ohio St.3d 158 is misplaced. Although the court in Eppinger noted that "[o]ne sexually oriented conviction, without more, may not predict future behavior," it also conceded that "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." Eppinger at 162, 167.
{¶ 25} Appellant additionally has complained that the only evidence presented during the hearing was that of the investigating police detective and Appellant's parole officer. Appellant has claimed that the detective and parole officer "attempt[ed] to recall from their memories events which occurred approximately four years ago." He has thus implied that such testimony was somehow deficient because of the lapse of time between the rape and the sexual predator hearing. Other than an attack on credibility, Appellant has failed to explain why such testimony was insufficient to show that Appellant is likely to be a repeat sex offender. The burden is on Appellant to inform this Court which parts of the witnesses' testimony he believes is insufficient by pointing to specific parts of the record. See Hutchinson v. Henderson, 9th Dist. No. 20862, 2002-Ohio-4521, at ¶ 39 (stating that the appellant bears the burden of affirmatively demonstrating error on appeal).
{¶ 26} Moreover, Appellant failed to object to such testimony at the hearing. In any event, trial courts may properly rely on hearsay testimony, such as that of the parole officer and detective, when making sexual predator findings. See State v. Cook (1998), 83 Ohio St.3d 404,425 certiorari denied (1999), 525 U.S. 1182 (a trial court may rely upon reliable hearsay evidence at sexual predator classification hearings); see, generally, State v. Lawler (Dec. 15, 1999), 9th Dist. No. 19401;State v. Udell (June 16, 1999), 9th Dist. No. 2921-M.
{¶ 27} There is nothing in the record to suggest that the trial court erred in its assessment of the reliability, weight, or credibility of the hearsay testimony admitted in the instant case. To the contrary, the record as a whole makes it clear that the trial court fully complied with R.C. 2950.09(B)(3). Although the trial court did not specifically discuss each of the statutory factors set forth in R.C. 2950.09(B)(3)(a) — (j)[2] as predictors of sexual recidivism, it noted the facts important to its decision.
{¶ 28} Such facts relate to the age of one of the victims (the five year old child who was present), R.C. 2950.09(B)(3)(c); the fact of multiple victims (mother and child), R.C. 2950.09(B)(3)(d); Appellant's criminal record (on parole for aggravated burglary), R.C. 2950.09(B)(3)(b) and (f); Appellant's display of cruelty, 2950.09(B)(3)(i); and, Appellant's indifference to the presence of a five-year-old child,2950.09(B)(3)(j).
{¶ 29} The detective testified that after Appellant broke into the victim's home by ripping the door off its hinges, he forced the victim into her bedroom. The victim's five-year-old daughter was sitting on the bed in the bedroom. The child witnessed Appellant force her mother onto the bed and press her mother's face into the mattress. The child saw Appellant perform oral sex on her mother. She saw Appellant put a pillow on her mother's head as he vaginally raped her. She saw her mother choking as Appellant engaged in forced fellatio. Such conduct is clear and convincing evidence of base cruelty displayed towards both the mother and the child.
{¶ 30} Moreover, Appellant's conduct created multiple victims. R.C. 2950.09(B)(3)(d). As a witness to these horrific acts, the five-year-old child was as much a victim of Appellant's rape as was her mother. The mother will be tormented by the physical experience and each will be emotionally scarred by the memory of these events.
{¶ 31} The presence of the five-year-old child not only illustrates the cruelty displayed during the rape; it also demonstrates an additional behavioral characteristic: depraved indifference. R.C.2950.09(B)(3)(j). The trial court properly noted that Appellant's indifference was a factor that contributed to his classification. His indifference to the psychic harm that exposure to such a violent crime would have on a young child certainly indicates Appellant's willingness to hurt anyone to get what he wants.
{¶ 32} Appellant's continued denial that he committed the rape is another behavioral characteristic exhibited by Appellant. During the hearing, Appellant referred to himself as a "good guy" and stated "I'm doing 21 years in prison when they concur [sic] with 25 that you gave me, Your Honor, for a crime I didn't commit." Appellant's denial suggests he is not remorseful for his actions nor is he willing to recognize that what he did was wrong and accept responsibility. Such a characteristic is evidence of Appellant's likelihood to reoffend.
{¶ 33} Another factor the trial court noted was Appellant's use of rubbing alcohol, which Appellant poured over the mother's body before fleeing the scene. The trial court was apparently concerned that the alcohol exacerbated the victim's fear of Appellant and was likely viewed by her as a further threat to her safety and that of her child. During the hearing the trial court stated:
{¶ 34} "[T]he fact that you poured this alcohol on [the victim], even though it was apparently not something that would immediately cause injury, to me, I can imagine how scared [the victim] was when you poured the liquid over her when you were in bed."
{¶ 35} While the detective testified that he believed Appellant used the alcohol to taint any DNA or physical evidence, the trial court focused on the victim's belief that the alcohol posed a danger to her and her young child. It is irrelevant whether the alcohol actually presented a threat to the safety of the victims; rather, what is important is the effect the alcohol had on the victim. The alcohol increased the victim's fear and anxiety. Appellant's use of alcohol under the circumstances of this case is another positive indicator of cruelty.
{¶ 36} The trial court also considered Appellant's prior criminal record. R.C. 2950.09(B)(3)(b) and (f). At the time of the rape, Appellant was on parole for aggravated burglary.[3] Aggravated burglary is an inherently violent offense because it involves physical harm, or attempts or threats of physical harm, and may include the use of a deadly weapon. See R.C. 2911.11. Appellant's prior conviction for such a violent offense aided the trial court in its determination that Appellant will reoffend because a court "may look at past behavior in determining future propensity because past behavior is often an important indicator for future propensity." State v. Askew, 4th Dist. No. 00CA2749, 2001-Ohio-2490, at 7. Appellant's conviction for aggravated burglary is further evidence of his propensity for violence.
{¶ 37} Furthermore, Appellant had been released on parole only five months before the present offense for which he was convicted of two counts of rape and a third count of aggravated burglary — the very same offense for which he had served prison time and for which he was then on parole. Appellant wasted no time after his release before expanding his criminal repertoire to include multiple acts of sexual violence as well as a high-speed car chase, which occurred when police attempted to serve Appellant with an arrest warrant for the offenses in the instant case. After eluding the police, Appellant fled from Ohio to Alabama, and lived there for nearly a year as a fugitive. Such conduct is evidence of Appellant's complete disregard for the law and the likelihood that he will reoffend.
{¶ 38} Based on the record as a whole, this Court finds that the state met its burden of proving by clear and convincing evidence that Appellant is likely to commit another sexually oriented offense. The trial court did not err in adjudicating Appellant a sexual predator.
 III
{¶ 39} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
BATCHELDER, J. CONCURS.
[1] By amendment effective January 1, 2002, the provision requiring the court to give notice of the hearing now appears at R.C. 2950.09(B)(2).
[2] A trial court is only required to consider all relevant factors listed in R.C. 2950.09(B)(3) (previously codified at R.C. 2950.09(B)(2)).State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203, at ¶ 24. It does not need to demonstrate every factor before it can adjudge a defendant a sexual predator. Id.
[3] Appellant was sentenced to ten to twenty five years for aggravated burglary. However, he only served seven years of his sentence before he was released on parole for a term of thirteen months.